575 So.2d 883 (1991)
Claudine GARDNER, Plaintiff-Appellant,
v.
ALLSTATE INSURANCE COMPANY, Defendant-Appellee.
No. 22171-CA.
Court of Appeal of Louisiana, Second Circuit.
February 27, 1991.
Writ Denied April 26, 1991.
*884 Brittain, Williams, McGlathery, Passman & Sylvester by Russell L. Sylvester, Natchitoches, for plaintiff-appellant.
Gahagan & Gahagan by Fred S. Gahagan, Natchitoches, for defendant-appellee.
Before SEXTON, LINDSAY and VICTORY, JJ.
SEXTON, Judge.
Plaintiff appeals the district court's granting of a motion for summary judgment filed by defendant Allstate Insurance Company (Allstate), the uninsured/underinsured motorist (UM) carrier for the host driver, Herman Lee Walker, of the vehicle in which plaintiff, Claudine Gardner, was a guest passenger at the time of an accident. We affirm.
On June 25, 1987, Mr. Walker, his wife, Nola, and the plaintiff were returning from a fishing trip when the one-vehicle accident occurred. Both Mrs. Walker and Ms. Gardner stated in their depositions that they had no comprehension of how the accident occurred. All that can be gleaned from their testimony is that Mr. Walker was driving in a normal, safe manner when their pickup truck crossed the center line and suddenly was out of control.
Mr. Walker indicated in his deposition that as he began to slow his vehicle in anticipation of executing an upcoming turn, the boat trailer which he was towing became disconnected. One of the safety chains broke as he steered to the left to avoid the trailer which was "coming up" on the right side of the vehicle. He then lost control of the truck, the other safety chain broke, the truck went across the highway, left the roadway, and flipped over after hitting a soft shoulder. Mr. Walker was slightly injured in the accident, while both Mrs. Walker and Ms. Gardner were seriously injured.
Both plaintiff and Mrs. Walker compromised their claims with regard to Allstate's liability coverage, with plaintiff reserving her right to pursue a claim for benefits under Allstate's UM coverage.[*] Allstate then filed this motion for summary judgment, arguing that its UM coverage did not cover plaintiff's remaining damages. The district court granted the motion and this appeal followed.
The sole issue presented is whether Mr. Walker's UM policy provides coverage for his guest passenger's injuries under the instant factual circumstances, i.e., where a trailer being towed by an insured vehicle becomes disconnected resulting in loss of control of the insured vehicle and an accident ensues. No issue is presented regarding the liability coverage of the host driver's policy.
Plaintiff notes that under the policy the trailer is considered an "insured auto" while connected to the pickup truck. Therefore, plaintiff argues, when the trailer became disconnected from the pickup truck, its status changed from "insured" to "uninsured." The specific policy language at issue is as follows:
Insured Autos
....
(5) A trailer while attached to an insured auto. The trailer must be designed for use with a private passenger auto or utility auto. This trailer can't be used for business purposes with other than a private passenger auto or utility auto.
Defendant, on the other hand, argues that the trailer did not lose its insured status merely because it became disconnected from the towing vehicle. Defendant points out that the accident was caused when the trailer became disconnected while in tow. Accordingly, it argues that, though disconnected, the trailer remained an "insured vehicle" under the policy language.
Louisiana law requires that automobile liability policies issued in this state also provide coverage therein (to the extent of the bodily injury liability coverage) against injury caused by uninsured or underinsured motor vehicles. LSA-R.S. 22:1406D(1)(a)(i).
*885 The object of the UM statute is to promote full recovery for damages sustained by innocent automobile accident victims by making UM coverage available for their benefit as primary protection when the tortfeasor is without insurance and as additional or excess coverage when he is inadequately insured. Bosch v. Cummings, 520 So.2d 721 (La.1988).
As to coverage under the uninsured motorist provisions of a particular policy, the statute contemplates two distinct motor vehicles: the motor vehicle with respect to which uninsured motorist coverage is issued and the "uninsured or underinsured" motor vehicle. In addition, as to each policy containing uninsured motorist coverage, the statute distinguishes between the person insured under the policy in question and the owner or operator of the uninsured or underinsured motor vehicle. Breaux v. GEICO, 369 So.2d 1335, 1338 (La.1979), appeal after remand, 373 So.2d 1335 (La. App. 1st Cir.1979); Nall v. State Farm Mutual Automobile Insurance Co., 406 So.2d 216, 220 (La.1981).
Plaintiff argues that the trailer, upon becoming disconnected from the towing vehicle, lost its status as an "insured auto" as defined by the policy and became an uninsured vehicle. With this argument, plaintiff hopes to avoid the effects of Breaux, supra, and Nall, supra. In those cases, the Louisiana Supreme Court held that policy provisions (similar to the one in the instant policy) that excluded an "insured" vehicle from being an "uninsured" vehicle were not contrary to law. In other words, the court held that policy provisions could validly preclude a guest passenger in a one-vehicle accident from recovering damages under both the liability and UM provisions of the host driver's policy.
It appears this issue is one of first impression in Louisiana. Neither plaintiff nor defendant has provided us with jurisprudence from this state or any other jurisdiction with the same or substantially similar facts, nor has our independent research discovered any. Notwithstanding, we conclude that a common sense reading of the language of the policy as a whole leads us to agree with the district court's disposition of this matter.
Under the policy, a trailer is an "insured auto" while attached to an insured auto. However, we do not view this language to mean that the accidental, unintentional, or negligent separation of the trailer from the towing vehicle while in tow causes the trailer to lose its "insured" status. Were we to ascribe such an interpretation to this policy language, there would be no liability coverage under the policy if the trailer were to disconnect and cause an accident with a vehicle other than the towing vehicle. We do not believe that either Allstate or the plaintiff contemplated such a result under the instant policy. Benton v. Long Manufacturing N.C., Inc., 550 So.2d 859 (La. App. 2d Cir.1989).
Undoubtedly, the insurer and the insured both intended that the policy would provide liability coverage to the insured if his trailer were to cause an accident while connected to an insured vehicle. The accident at issue had a complete, proximate, direct, and timely relationship with the trailer's attachment to the pickup truck. In effect, the accident was the result of an unbroken chain of events, the clearly definable beginning of which arose out of the attachment of the trailer to the pickup truck. We therefore conclude that the trailer was an "insured auto" under Allstate's policy unless and until the trailer has been intentionally and deliberately disconnected from the towing vehicle.
The judgment of the district court sustaining the motion for summary judgment in favor of the defendant Allstate Insurance Company is affirmed at appellant's cost.
AFFIRMED.
NOTES
[*] Mrs. Walker is not a party to this appeal.