732 So.2d 675 (1999)
Rose WHITE, Plaintiff-Appellant,
v.
AMERICAN DEPOSIT INSURANCE COMPANY, Sam Maggio, Janice Maggio, Carlo Maggio, Gloria Breaux, Josh Breaux, and Marla Drost, Defendants-Appellees.
No. 98-1632.
Court of Appeal of Louisiana, Third Circuit.
March 31, 1999.
*676 Gregory Preston Massey, Jerry A. Johnson, Lake Charles, for Rose White.
Matthew John Ungarino, Donald Robert Klotz, Metairie, for American Deposit Ins. Co., et al.
H. David Vaughan, II, Lake Charles, for Gloria Breaux.
Michael R. Garber, James Anthony Blanco, Lake Charles, for Marla Drost.
H.O. Lestage, III, DeRidder, for State Farm Fire & Cas. Co.
BEFORE: THIBODEAUX, PETERS, and PICKETT, Judges.
THIBODEAUX, Judge.
Rose White, the plaintiff, was struck by a boat and trailer which became detached from a towing vehicle. She sued the owner of the boat and trailer who had in effect a homeowner's policy with State Farm Fire and Casualty Company. State Farm intervened in the suit, seeking a declaratory judgment that its policy did not apply to the accident pursuant to an exclusion for damages arising out of the use of a motor vehicle. The trial court held that the policy excluded coverage and granted State Farm's motion for summary judgment. We affirm.
Ms. White filed this appeal based upon State Farm's policy language stating that "[a] boat ... not being towed by ... a vehicle ... is not a motor vehicle." White's argument is that the boat and trailer were not being towed at the time of her injury. Therefore, she contends, the exclusion for motor vehicles does not apply because at the exact time of impact the boat and trailer had separated from the vehicle.

LAW AND DISCUSSION
The State Farm policy excludes "bodily injury ... arising out of the ownership, maintenance, use, loading or unloading of... a motor vehicle owned or operated by or rented or loaned to any insured." It defined a "motor vehicle" as "a motorized land vehicle designed for travel on public roads or subject to motor vehicle registration." However, "[a] boat ... or utility trailer not being towed by or carried on a vehicle [described above] is not a motor vehicle." White is unable to cite any interpretive jurisprudence.
State Farm cited Gardner v. Allstate Insurance Co., 575 So.2d 883 (La.App. 2 Cir.), writ denied, 578 So.2d 139 (La.1991), which is somewhat factually different but legally analogous wherein it involved the separation of a boat and trailer from a towing vehicle. There, the second circuit held that the boat trailer was still an insured vehicle under an Allstate automobile policy even after it detached from the towing vehicle. The Gardner court's reasoning is particularly applicable to this case. It stated as follows:
Undoubtedly, the insurer and the insured both intended that the policy would provide liability coverage to the insured if his trailer were to cause an accident while connected to an insured vehicle. The accident at issue had a complete, proximate, direct, and timely relationship with the trailer's attachment to the pickup truck. In effect, the accident was the result of an unbroken chain of events, the clearly definable beginning of which arose out of the attachment of the trailer to the pickup truck. We therefore conclude that the trailer was an "insured auto" under Allstate's policy unless and until the trailer has been intentionally and deliberately disconnected from the towing vehicle.
Id. at 885. (Emphasis added).
Just as the Allstate automobile policy in Gardner was intended to cover a *677 boat trailer in tow, the State Farm homeowner's policy was intended to exclude a boat and trailer in tow. The fact that the boat and trailer became detached and crossed the median into the path of Rose White does not render the boat "not in tow" for purposes of taking it out of the exclusion. The boat and trailer were moving, and since the trailer had no power of its own, the movement was attributable to the towing vehicle. Hence, even if the boat was not in tow at the point of impact, the damages of Rose White arose out of the use of a motor vehicle and were directly related to the towing of the boat and trailer.
The homeowner's policy of State Farm does not apply, and the costs of this appeal are assessed against Rose White.
AFFIRMED.