**Douglas H. VANN and Michelle Vann, Appellants–Plaintiffs/Intervenors,**

v.

**UNITED FARM FAMILY MUTUAL INSURANCE COMPANY, Appellee–Thirty–Party Defendant.**

No. 33A01–0203–CV–98.

Court of Appeals of Indiana.

June 19, 2003.

Gregory L. Laker, Eric S. Pavlack, Cohen & Malad, LLP, Indianapolis, IN, Attorneys for Appellants.

Kyle M. Baker, McNeely, Stephenson, Thopy & Harrold, Shelbyville, IN, Attorney for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellants–Plaintiffs/Intervenors, Douglas Vann (Vann) and Michelle Vann (collectively, "the Vanns") appeal the trial court's grant of partial summary judgment in favor of Appellee–Third–Party Defendant, United Farm Family Mutual Insurance Company (Farm Bureau), and against the Vanns.

We affirm.

### ISSUE

The Vanns raise one issue for appeal, which we restate as: whether Walter Upchurch's (Upchurch) Rural Guardian insurance policy through Farm Bureau covers injuries sustained by Vann as a result of being struck by Upchurch's boat, when the trailer on which Upchurch towed the boat separated from Upchurch's truck.

### FACTS AND PROCEDURAL HISTORY

On April 27, 1999, Vann was driving a Chevrolet Geo (Geo) eastbound on Interstate 70 (I–70) in Hancock County, Indiana. Janice Sandos (Sandos) was immediately behind him in a Chevrolet Lumina that she was driving in the course of her employment with Extendacare, Inc. At the same time, Upchurch was traveling westbound on I–70, approaching Vann's location. Upchurch was driving a pickup truck, which was pulling a fifth-wheel trailer, which was towing a boat trailer carrying a 16–foot Seabring bass boat.

Unbeknownst to Upchurch as he drove his pickup truck, Upchurch's boat trailer, with the boat on it, detached from the fifth-wheel trailer. The trailer, carrying the boat, careened across the median and smashed into Vann's Geo. Upon impact, the boat separated from the trailer and traveled across the hood of the Geo and into the cab of the vehicle. Sandos' vehicle then rammed the Geo from behind. Vann sustained life-threatening injuries, includ-

ing a head injury, brain trauma, significant and permanent orthopedic injuries, permanent eye injuries, and a complete loss of his sense of smell.

At the time of the accident, Upchurch was covered by a Rural Guardian insurance policy (Policy) issued by Farm Bureau.[1] The Policy provided medical payments to others and provided farm premises and personal liability coverage for bodily injury or property damage caused by an occurrence to which the Policy applied. However, the Policy contained the following relevant exclusionary clauses:

1. Coverage F—Farm Premises and Personal Liability and Coverage G— Medical Payments to Others do not apply to bodily injury or property damage:

e. arising out of the ownership, maintenance, use, loading, unloading or entrustment of:

(1) a motor vehicle owned in full or in part by, registered in the name of, leased, hired, rented, loaned to or operated by any insured. This exclusion 1e(1) does not apply on the insured location if the motor vehicle does not have a current vehicle registration because it is used exclusively on the insured location or is kept there in dead storage;

(2) a watercraft any insured owns if the watercraft:

(a) has an inboard or inboard-outboard motor;

(b) is a sailing vessel, with or without auxiliary power, 30 feet or more in overall length; or

(c) is powered by one or more outboard motors with more than 25 total horsepower.

This exclusion [1(e)(2) ] does not apply if the watercraft or outboard motor is shown on the declarations page[.]

(Appellant's App. p. A–70). In the instant case, Upchurch paid the additional premium to purchase "Watercraft Endorsement No. 125" (watercraft endorsement) for property and liability coverage for his boat. As a result, the boat and outboard motor involved in the accident were listed on the declarations page and the above-stated watercraft exclusion 1(e)(2) did not apply to Upchurch's Policy.

On July 2, 1999, the Vanns filed their Complaint for Damages against Upchurch, Extendacare, Inc., and Sandos. On August 31, 1999, Upchurch filed a Third–Party Complaint for Declaratory Judgment against Farm Bureau seeking representation and indemnification under the Policy. On February 23, 2001, Upchurch moved for summary judgment in his declaratory judgment action. On March 23, 2001, Farm Bureau filed its response to Upchurch's Motion for Summary Judgment and its Cross–Motion for Summary Judgment.

On June 8, 2001, the Vanns intervened in the third-party action and joined in Upchurch's summary judgment · motion against Farm Bureau. On June 29, 2001, the trial court heard oral argument on the motions and took the matter under advisement. On February 14, 2002, the trial court entered its Order Regarding Third–Party Plaintiff's Motion for Summary Judgment and Third–Party Defendant's Cross–Motion for Summary Judgment, which stated, in pertinent part, as follows:

The holding of the Court of Appeals of Tennessee in *State Farm Fire & Casu-*

---

**1.** A Rural Guardian policy covers an insured's farm in much the same way a homeowner's policy covers an insured's home.

*alty Company v. Thomas*, [1986 WL 9001] appears more rational. That [c]ourt concluded that when a boat is being transported upon a trailer, it is the trailer that is being used. Conversely, the boat is not being used at that point in time. As the [c]ourt noted, a boat has no use while on a trailer and is only cargo.

However, based upon the conclusions of [Indiana State Police Trooper Terry Treon], Upchurch would contend that upon impact with the Vann vehicle, the boat left the trailer and constituted the sole instrumentality causing physical injury to Vann.

According to Upchurch, the fact that the boat [collided] with Vann's vehicle after becoming detached from the trailer, gives rise to four genuine issues of material fact precluding entry of summary judgment in favor of [Farm Bureau]. In essence, those issues enunciated by Upchurch each relate to the basic proposition that the boat, unattached to the trailer, proximately caused the injuries to Vann.

As stated by the [c]ourt in [*Gardner v. Allstate Insurance Co.*, 575 So.2d 883, 885 (Ct.App.La., 1991) ], and cited by the [c]ourt in [*White v. American Deposit Insurance Co.*, 732 So.2d 675, 676 (Ct. App.La., 1999) ]:

> The accident at issue had a complete, proximate, direct, and timely relationship with the trailer's attachment to the pickup truck. In effect, the accident was the result of an unbroken chain of events, the clearly definable beginning of which [arose] out of the attachment of the trailer to the pickup truck.

The same analysis applies to the facts of this case. The [Vanns'] claim against [Upchurch], is premised upon an alleged negligent use of a motor vehicle and not upon the alleged negligent use of a watercraft.

Lastly[,] Upchurch would [contend] that this [c]ourt's construction of the policy language, renders the watercraft coverage illusory. The [c]ourt cannot concur with that conclusion. It can be envisioned that bodily injury and/or property damage may be sustained as the proximate cause of the negligent use, loading or unloading of a watercraft under many circumstances more directly related to the watercraft's intended purpose of 'use'.

(Appellants' App. pp. 14–15). For these reasons, the trial court granted partial summary judgment in favor of Farm Bureau on its Cross–Motion for Summary Judgment upon the third-party complaint of Upchurch and against Upchurch and the Vanns.

The Vanns now appeal. Additional facts will be supplied as necessary.

## DISCUSSION AND DECISION

When reviewing a trial court's entry of summary judgment, we apply the same standard. as the trial court. *Burkett v. American Family Ins. Group*, 737 N.E.2d 447, 451 (Ind.Ct.App.2000). Summary judgment is appropriate when the evidence designated to the trial court demonstrates that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Id.* at 451–52; Ind. Trial Rule 56(C). When material facts are not in dispute, our review is limited to determining whether the trial court correctly applied the law to the undisputed facts. *Id.* We review such pure questions of law de novo. *Id.*

 The provisions of an insurance policy are subject to the same rules of interpretation and construction as are other contract terms. *Rice v. Meridian Ins.*

*Co.,* 751 N.E.2d 685, 688 (Ind.Ct.App. 2001), *trans. denied.* As with other contracts, the interpretation of an insurance policy is a question of law. *Meridian Mutual. Ins. Co. v. Purkey,* 769 N.E.2d 1179, 1182 (Ind.Ct.App.2002). Consequently, cases involving interpretation of insurance policies are particularly appropriate for summary judgment. *Id.* We must interpret the language of an insurance policy so as not to render any words, phrases, or terms ineffective or meaningless. *Bicknell Minerals, Inc. v. Tilly,* 570 N.E.2d 1307, 1316 (Ind.Ct.App.1991), *reh'g. denied, trans. denied.* We may not rewrite an insurance contract. *Baxter v. I.S.T.A. Ins. Trust,* 749 N.E.2d 47, 51 (Ind.Ct.App.2001).

 Language in an insurance policy that is clear and unambiguous should be given its plain and ordinary meaning. *Meridian Mut. Ins. Co.,* 769 N.E.2d at 1182. The fact that parties disagree as to the interpretation of the policy does not establish an ambiguity. *Id.* at 1183. A policy is ambiguous only if it is susceptible to more than one interpretation and reasonable persons would differ as to its meaning. *Id.* An exclusionary clause must clearly and unmistakably express the particular act or omission that will bring the exclusion into play. *Id.* at 1182. Any doubts as to coverage shall be construed against the insurer as the contract drafter. *Id.*

 Here, Farm Bureau argues that the watercraft endorsement to Upchurch's Policy only provides coverage for incidents that occur while the boat is in the water and not while the boat is towed on a trailer. Farm Bureau further asserts that liability for Vann's accident is precluded by the Policy's motor vehicle exclusion 1(e)(1). Specifically, Farm Bureau contends that the truck Upchurch was driving, the trailer he was towing, and the boat on the trailer all qualify as "motor vehicles" un-der the Policy, thereby precluding coverage.

Pursuant to the Policy, "motor vehicle" is defined as:

1. a motorized land or amphibious vehicle designed for travel on public roads or subject to motor vehicle registration;

2. a trailer, semitrailer or wagon while being towed by or carried on a vehicle included in 1;

3. a motorized golf cart, snowmobile or other motorized land or amphibious vehicle owned by any insured and designed for recreational use off public roads, while off an insured location. Motor vehicle does not include a motorized golf cart while used for golfing purposes;

4. any other vehicle while being towed by or carried on a vehicle included in 1, 2 or 3.

(Appellants' App. p. A–34).

Farm Bureau asserts that the boat at issue falls within paragraph four of the Policy's definition of "motor vehicle". The Policy does not include a separate definition for the term "vehicle," as it is used in paragraph four above. However, "boat" is specifically defined in the watercraft endorsement as "a watercraft, including inboard or inboard-outboard motors and other permanently attached equipment." (Appellants' App. p. 85). It is well settled that exclusions must be plainly expressed. *Meridian Mut. Ins. Co.,* 769 N.E.2d at 1182. Therefore, we find that if it was Farm Bureau's intention to categorize a boat as a vehicle—thus bringing it within the motor vehicle exclusion—Farm Bureau should have clearly stated so in its Policy definition of "boat." More importantly, the terms "motor vehicle" and "watercraft" are also discussed separately throughout the Policy, thereby making a clear distinction between the two. An example of this exists in Part IV of the Policy where sepa-

rate motor vehicle and watercraft exclusions are provided. For all of these reasons, we conclude that a "boat" is not a "motor vehicle" for purposes of the Policy.

■ Moreover, with regard to the first part of Farm Bureau's argument, neither the Policy nor the watercraft endorsement contains language that limits liability to incidences occurring while the boat is in water. Likewise, the Policy contains no language regarding liability for incidents occurring while the boat is being towed on a trailer. Thus, we do not agree with Farm Bureau's contention that the watercraft endorsement only provides coverage for incidents that occur while the boat is in the water and not while the boat is towed on a trailer.

■ That having been said, we agree with Farm Bureau that the motor vehicle exclusion precludes liability coverage for Vann's injuries. Specifically, the truck Upchurch was driving qualifies as a "motor vehicle" under paragraph one of the Policy's definition. Likewise, the trailer on which the boat was towed qualifies as a "motor vehicle" under paragraph two of the Policy's definition. Upchurch was driving the truck on the interstate while towing the trailer that was carrying the boat; at some point, the trailer disconnected from the truck and careened across the median into oncoming traffic, where it struck Vann's vehicle. According to the police accident report, *"the impact* dislodged the boat from the trailer," and the "momentum of the boat carried it across the hood" and into the cab of Vann's vehicle, injuring Vann in the process. (Appellants' App. pp. A–291–A–293) (emphasis added).

As stated above, the motor vehicle exclusion precludes liability and medical payment coverage for "bodily injury or property damage arising out of the ownership, maintenance, use, loading, unloading or en-

trustment of a motor vehicle" owned by the insured. (Appellants' App. p. A–70). Both the truck and the trailer qualify as "motor vehicles" under the Policy's definition. Upchurch was using the truck and the trailer, loaded with the boat, at the time of the accident. It was the trailer, carrying the boat, that impacted with Vann's vehicle. For these reasons, we find that Vann's injuries arose out of the ownership and use of Upchurch's truck and trailer. Thus, the motor vehicle exclusion precludes coverage for Vann's injuries sustained in the accident.

Nonetheless, the Vanns argue that, because Vann's injuries were predominately caused by the boat when it collided with Vann's car, the watercraft endorsement should provide coverage. In support of their contention, the Vanns cite to *State Farm Fire & Casualty Co. v. Pinson,* 984 F.2d 610 (4th Cir.1993) (*Pinson*). *Pinson* involved a collision between a car and a truck that was towing a boat. The pivotal issue in *Pinson* was whether the accident caused bodily injury or property damage "resulting from the ownership, maintenance or use of the watercraft" for which coverage was provided by the policy. *Id.* at 611. The *Pinson* court noted that, in South Carolina, the term "use" had been "broadly, not narrowly," construed. Accordingly, the *Pinson* court held that, under South Carolina law, a boat was "in use" while it was being towed, and reasoned that a boat *"must* be towed in order for a landlocked owner to derive any enjoyment from boat ownership." *Id.* at 612.

However, the case at bar is distinguishable in several regards. First, the Policy does not actually contain language stating that an occurrence is covered as long as it arises out of the ownership, maintenance, use, loading, unloading or entrustment of the boat covered by the watercraft endorsement. Rather, the Policy states that

watercraft provision 1(e)(2), which *excludes* liability and medical payment coverage for bodily injury or property damage arising out of the ownership, maintenance, use, loading, unloading or entrustment of a watercraft, *does not apply* if the watercraft is shown on the declarations page. *See* (Appellants' App. p. A–70) (emphasis added). In fact, the only affirmative reference to liability coverage for the boat in the watercraft endorsement simply states "[w]e pay up to the limit of liability shown on the declarations page." (Appellants' App. p. A–85). Consequently, although the watercraft endorsement unequivocally states that liability coverage for the subject boat exists, neither the Policy nor the watercraft endorsement clearly sets forth the conditions under which liability coverage is triggered with regard to the boat.

The vagueness of the watercraft endorsement's liability coverage reminds us that we must construe any doubts as to coverage against the insurer as the contract drafter. *Meridian Mut. Ins. Co.*, 769 N.E.2d at 1182. However, it is also our charge to accept an interpretation of the insurance policy that harmonizes the provisions rather than an interpretation that leaves provisions in conflict. *American Family Ins. Co. v. Globe American Cas. Co.*, 774 N.E.2d 932, 935 (Ind.Ct.App.2002) *trans. denied.* Accordingly, we must consider the Policy as a whole along with the facts of this case. In so doing, we note that the motor vehicle exclusion clearly precludes liability coverage "arising out of the ownership, maintenance, use, loading, unloading or entrustment of a motor vehicle" owned by Upchurch. As discussed above, we have already determined that the exclusion applies to this incident. At the same time, we note that extending liability coverage of the watercraft endorsement to this incident would render the motor vehicle exclusion ineffective, which is contrary to legal standards for the interpretation of insurance policies. *See Meridian Mut. Ins. Co.*, 769 N.E.2d at 1182; *Bicknell Minerals, Inc.*, 570 N.E.2d at 1316. As a result, we find that the Policy does not provide coverage for injuries sustained by Vann in the accident. Therefore, the trial court's grant of partial summary judgment in favor of Farm Bureau and against Upchurch and Vann is affirmed.

### CONCLUSION

Based on the foregoing, we hold that Upchurch's Policy through Farm Bureau does not provide coverage for injuries sustained by Vann as a result of being struck by Upchurch's boat when the trailer on which Upchurch towed the boat separated from the truck he was driving. Therefore, the trial court's grant of partial summary judgment in favor of Farm Bureau and against Upchurch and the Vanns is affirmed.

Affirmed.

MATTINGLY–MAY, J., and ROBB, J., concur.