ATTORNEYS FOR APPELLANTS
George M. Plews
Sean M. Hirschten
Plews Shadley Racher & Braun LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Freedom D. Villa
Mark R. Smith
Smith Fisher Maas & Howard, P.C.
Indianapolis, Indiana

ATTORNEYS FOR AMICUS CURIAE
THE INSURANCE INSTITUTE OF INDIANA, INC.
John C. Trimble
Richard K. Schoultz
Lewis Wagner, LLP
Indianapolis, Indiana

FILED
Jun 10 2014, 1:15 pm

CLERK
of the supreme court,
court of appeals and
tax court

## In the

# Indiana Supreme Court

No. 49S02-1311-PL-733

SHANNON ROBINSON AND
BRYAN ROBINSON,                                         *Appellants (Plaintiffs)*,

v.

ERIE INSURANCE EXCHANGE,                       *Appellee (Defendant)*.

Appeal from the Marion Superior Court, No. 49D06-1107-PL-26871
The Honorable Thomas J. Carroll, Judge

On Transfer from the Indiana Court of Appeals, No. 49A02-1211-PL-908

**June 10, 2014**

**Dickson, Chief Justice.**

This appeal challenges a grant of summary judgment in favor of an insurance company on the issue of whether its automobile policy provided uninsured motorists coverage for automobile property damage caused by a hit-and-run driver where no personal injury resulted. We affirm.

Plaintiffs Shannon Robinson and Bryan Robinson seek coverage for property damage under the uninsured motorists coverage of an automobile insurance policy issued by defendant Erie Insurance Exchange, arising from an accident where the Robinsons' insured vehicle was struck by a Jeep operated by a hit-and-run driver. Erie denied the Robinsons' claim, and the Robinsons brought this action. In response to the Robinsons' motion for summary judgment on the coverage issue, Erie requested summary judgment in its favor. Following written briefs and oral arguments from the parties, the trial court entered summary judgment for Erie.

The Robinsons appealed, urging that Gillespie v. GEICO Gen. Ins. Co., 850 N.E.2d 913 (Ind. Ct. App. 2006), *trans. not sought,* mandates that the Erie policy provide coverage for property damage sustained by their vehicle in the hit-and-run accident. The Court of Appeals agreed and reversed summary judgment for Erie, concluding that the Robinsons' motion should have been granted. Robinson v. Erie Ins. Exch., 991 N.E.2d 961 (Ind. Ct. App. 2013). We granted transfer.

The relevant facts are not in dispute. Erie Insurance Exchange issued a family auto insurance policy to Shannon Robinson. The policy listed her son Bryan Robinson's 1998 Nissan Altima as a covered auto with Bryan as its principal driver. On March 27, 2011, Bryan was driving this Nissan without any passengers, when a Jeep ran a red light, struck his car, and left the scene. The identity of the driver and owner of the Jeep are unknown. Bryan suffered no personal injuries, but the accident totaled his car. In response to the Robinsons' claim for damages to Bryan's Nissan, Erie denied coverage. Because the pertinent facts are undisputed and this case only involves the interpretation of insurance policy contract language, it represents a question of law and we review it *de novo*. *See* State Auto. Mut. Ins. Co. v. Flexdar, Inc., 964 N.E.2d 845, 848 (Ind. 2012).

The Erie "Family Auto Policy" in effect on the date of the accident provided coverage for both bodily injury and property damage liability, medical payments, and uninsured/underinsured motorists coverage. It did not provide collision or comprehensive coverage to the insured automobile. Under its uninsured/underinsured motorists coverage, the Erie policy promised to "pay

2

damages for bodily injury and property damage that the law entitles '**anyone we protect**' or the legal representative of '**anyone we protect**' to recover from the owner or operator of an '**uninsured motor vehicle**' or '**underinsured motor vehicle**.'" Appellant's App'x at 21 (quoted terms in bold are expressly defined in the policy). The term "uninsured motor vehicle" is defined by the policy as follows:

> "**Uninsured motor vehicle**" means:
>
> 1.  a "**motor vehicle**" for which there is no liability bond or insurance at the time of the accident in the amounts required by the financial responsibility law where the "**auto we insure**" is principally garaged;
>
> 2.  a "**motor vehicle**" for which the insuring company denies coverage or is or becomes insolvent; or
>
> 3.  a hit-and-run "**motor vehicle**." The vehicle *must cause bodily injury* to "**you**" by hitting "**you**," an "**auto we insure**" or a vehicle "**you**" are "**occupying**." The identity of the driver and owner of the hit-and-run vehicle must be unknown. . . .

*Id.* at 20 (italics added). Among the policy exclusions from coverage is: "4. property damage, if the owner or operator of the other '**motor vehicle**' cannot be identified." *Id.* at 21.

The parties dispute whether the hit-and-run Jeep satisfies one of the three alternative meanings set forth in the policy's definition of "uninsured motor vehicle." Asserting that Gilles-pie is controlling, the Robinsons contend (a) that coverage for the damage to their Nissan is provided under the first meaning (a vehicle without adequate liability coverage), and (b) that Erie failed to prove the owner or operator "cannot be identified" as required by Exclusion 4. Erie responds that Gillespie is distinguishable, that the first meaning is not relevant, and that under the third meaning a hit-and-run vehicle whose driver and owner are unknown would have qualified as an "uninsured motor vehicle," but only if the collision had resulted in bodily injury to Bryan Robinson, who was not injured.

In Gillespie, the Court of Appeals stated the issue as "whether [the plaintiff] sufficiently 'identified' the owner or operator of the vehicle that caused an accident and left the scene such that it qualified as an 'uninsured auto' under the GEICO Insurance Policy." 850 N.E.2d at 914. Without particular analysis, the court declared that this vehicle satisfied the policy's general defi-

nition of "uninsured auto" because there was "no bodily injury liability bond or insurance policy applicable with liability limits complying with [Indiana's] financial responsibility law." *Id.* at 918. The policy further defined the term "uninsured auto" as not applying to "a vehicle whose owner or operator cannot be identified." *Id.* Concluding that the term "identified" was ambiguous, the court found that a generic identification ("white Honda driven by a Caucasian female") was sufficient to identify the driver of the Honda and thus to satisfy the identification requirement. *Id.* at 917–18.

The language of the GEICO insurance policy in Gillespie, however, is significantly different from the Erie policy language at issue in the present case. Both policies provide uninsured motorists coverage, and condition such coverage on the satisfaction of a definition of "uninsured auto" or "uninsured motor vehicle." In the GEICO policy, "uninsured auto" includes two alternatives: (1) a vehicle "which has no bodily injury liability bond or insurance policy applicable with liability limits complying with the financial responsibility law" and (2) "an auto whose insurer is or becomes insolvent or denies coverage." *Id.* at 915. GEICO's policy further declared that "uninsured auto" does not include "a vehicle whose owner or operator cannot be identified." *Id.* In contrast, the Erie policy defines "uninsured motor vehicle" with language that somewhat approximates the two alternatives listed in the GEICO policy, but then also includes a third alternative that explicitly includes a hit-and-run vehicle whose driver and owner are unknown—provided that bodily injury results to the Erie insured.

The two policies contain important language differences relevant to the Robinsons' argument in this case. In defining "uninsured auto," the GEICO policy specified that it "is a motor vehicle which has no bodily injury liability bond or insurance policy *applicable* with liability limits complying with the financial responsibility law." *Id.* at 915 (emphasis added). But the Erie policy omits the requirement of applicability and, in its first alternative meaning of "uninsured motor vehicle," merely lists "a '**motor vehicle**' for which there is no liability bond or insurance at the time of the accident in the amounts required by the financial responsibility law . . . ." Appellant's App'x at 20. This distinction is relevant because, under the GEICO language, where the other vehicle is a hit-and-run vehicle whose driver or owner cannot be identified, any liability insurance for such vehicle would arguably not be *applicable* because of the impossibility of iden-

4

tifying the vehicle's liability insurance company to make a claim.  Such definition invites construing this meaning of "uninsured auto" under the GEICO policy to apply to hit-and-run vehicles, as done by the Court of Appeals in Gillespie.  But the counterpart phrase in the Erie policy is not predicated on *applicability* but rather simply the existence of insurance.  Thus for a vehicle to be an "uninsured motor vehicle" under this provision of the Erie policy, such vehicle must simply have no liability coverage—without regard to whether such insurance exists but is not *applicable*.  This definition clearly extends uninsured motorists coverage when an accident is caused by a vehicle with insufficient liability insurance, particularly in light of the third Erie definition of "uninsured motor vehicle," which expressly includes hit-and-run vehicles where the driver and owner are unknown (and bodily injury results to the insured).  The two policies also significantly differ regarding the clause found ambiguous in Gillespie.  GEICO defined the term "uninsured auto" so that it did not include "a vehicle whose owner or operator cannot be identified."  Gillespie, 850 N.E.2d at 915.  In contrast, Erie's policy defines "uninsured motor vehicle" to cover a hit-and-run vehicle and does not turn on whether the owner or operator of a hit-and-run vehicle cannot be *identified*, but rather affirmatively requires that "[t]he *identity* of the driver and owner of the hit-and-run vehicle must be *unknown*."  Appellant's App'x at 20 (emphases added).  Whether an "owner or operator cannot be identified" is different from whether "the identity of the driver and owner . . . must be unknown."  In Gillespie, the court focused on the word "identified" and found it to be "an ambiguous term in this context."  850 N.E.2d at 918.  The phrase "identity . . . must be unknown" in the Erie policy, however, does not suffer from this infirmity.  The identity qualification in the Erie policy is clear and unambiguous.

When the language of an insurance policy is ambiguous, courts will resort to rules of construction to guide them in construing and applying the ambiguous phrase.  Bosecker v. Westfield Ins. Co., 724 N.E.2d 241, 243–44 (Ind. 2000).  Thus the focus in Gillespie, and in the Robinsons' argument seeking to equate the present Erie language with that of the GEICO policy in Gillespie, is on such rules of construction.  But resorting to these rules of construction is not appropriate when the policy language is clear and unambiguous.  Beam v. Wasau Ins. Co., 765 N.E.2d 524, 528 (Ind. 2002) (quoting Allstate Ins. Co. v. Boles, 481 N.E.2d 1096, 1101 (Ind. 1985) ("[I]f a contract is clear and unambiguous, the language therein must be given its plain meaning.")).  Because of the significant differences between the GEICO policy language in Gil-

lespie and the Erie policy language in the present case, we reject the Robinsons' assertion that Gillespie controls and requires the grant of their motion for summary judgment.

We note, however, that Exclusion 4 of the Erie policy precludes coverage for property damage "if the owner or operator of the other '**motor vehicle**' *cannot be identified*"—language found ambiguous in Gillespie. Appellant's App'x at 21 (italics added). This exclusion, however, has not been asserted by Erie as the basis for its denial of coverage. Furthermore, for an exclusion to apply, the policy's insuring agreement must initially provide coverage from which there is something to exclude. The insuring agreement in the Erie policy would have provided uninsured motorists coverage in relation to the hit-and-run Jeep whose driver and owner were unknown, but for the requirement that bodily injury result. Under the facts of this case, where there was no resulting bodily injury, the Erie policy did not provide any uninsured motorists coverage relative to the hit-and-run Jeep that struck the Robinsons' vehicle. Because the Erie insuring agreement provides no uninsured motorists coverage here, there was no coverage subject to any exclusions, and the construction and application of Exclusion 4 is irrelevant.

Under the undisputed facts of the present case, neither the first nor the second category that may constitute an "uninsured motor vehicle" under the Erie policy encompasses the hit-and-run Jeep that struck the Robinsons' vehicle. In the context of a hit-and-run driver causing an accident, the availability of uninsured motorists coverage (which depends on whether the other vehicle fits one of the three Erie policy meanings for "uninsured motor vehicle") is solely determined by the third meaning, which expressly includes a "hit-and-run motor vehicle" whose driver and owner are unknown, but only if the other vehicle causes bodily injury to the insured. These provisions are not ambiguous and do not require the application of rules of construction. Because personal injury did not result to Bryan Robinson in the accident, the Erie policy does not provide uninsured motorists coverage with respect to the property damage sustained by the Robinsons' vehicle. The trial court was correct to grant Erie's motion for summary judgment.

We affirm the judgment of the trial court.

Rucker, David, Massa, Rush, JJ., concur.

6