

FILED
Aug 04 2015, 8:16 am
CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Kevin W. Marshall | Anthony F. Tavitas |
| Hobart, Indiana | Adam Tavitas |
| | Munster, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Richard Zeller, Jr., | August 4, 2015 |
| *Appellant-Plaintiff,* | Court of Appeals Case No. 64A05-1502-CT-84 |
| v. | Appeal from the Porter Superior Court |
| AAA Insurance Company, | The Honorable Roger V. Bradford, Judge |
| *Appellee-Defendant* | Case No. 64D01-1209-CT-9848 |

**Crone, Judge.**

## Case Summary

Richard Zeller, Jr., purchased a homeowners insurance policy from AAA Insurance Company ("AAA") that provided for reinstatement of the policy if the policyholder paid a premium installment after the cancellation date. Pursuant to the policy, the reinstatement would be void and the policy would remain cancelled if (1) the premium payment was not honored for any reason

or (2) a claim under the policy arose from an event that occurred between the cancellation date and the date that AAA received the payment. Zeller failed to pay a premium installment by the cancellation date but mailed a payment that AAA later accepted. Two days after AAA accepted payment, Zeller's garage was damaged by fire. He submitted a claim to AAA, which denied coverage on the basis that the policy was "not in force" on the day of the fire. Appellant's App. at 82. Zeller filed a complaint against AAA alleging breach of contract and bad faith and requesting compensatory and punitive damages. After a bench trial, the trial court ruled against Zeller on the basis that there was no evidence that AAA reinstated the policy.

[2] On appeal, Zeller argues that the trial court's ruling is erroneous because the policy was reinstated when AAA accepted his payment. We agree. Therefore, we reverse and remand for further proceedings.

## Facts and Procedural History

[3] The relevant facts are undisputed. In 2006, Zeller purchased a homeowners insurance policy from AAA. The latest version of the policy reads in pertinent part as follows:

> 2. CANCELLATION AND CONDITIONAL REINSTATEMENT
>
> ….
>
> a. If you fail to pay any installment when due, we will cancel the policy. Notice will be mailed at least 10 days prior to the effective date of the cancellation.

Conditional Reinstatement – if you make adequate payment after the due date and we reinstate the policy, there will be no coverage during the period of time between the date the policy cancelled and the date and time we received the payment. However, reinstatement of the policy is conditioned upon the following and any Notice of Reinstatement is void if:

(1) any form of premium payment is not honored for any reason; or

(2) there is a claim under the policy arising from an event that occurred between the policy cancellation date and the date and time we received your payment to reinstate the policy.

If the reinstatement is void for either of these reasons, the policy remains cancelled as of the date and time indicated on the Notice of Cancellation, and we will not be liable for any claims or damages after that date and time.

*Id.* at 64 (emphases omitted).

[4] AAA sent Zeller a Confirmation of Policy Expiration form dated November 17, 2011, that reads in relevant part as follows:

REASON FOR THIS NOTICE:

This is to confirm that your policy expired on Nov 10, 2011 because we did not receive the renewal payment requested in the Renewal Notice sent to you previously. You may still renew your policy effective Nov 10, 2011 with no loss of coverage if we receive your payment of $231.68 by the close of business on Nov 30, 2011. If we do not receive your payment by that date, the expiration of your policy will remain in effect and no further coverage will be provided.

IMPORTANT *A check or credit/debit card which is not honored for any reason will not constitute a payment and will not extend coverage beyond any date when coverage would have otherwise terminated for lack of payment.*

*Id.* at 77.  On November 25, Zeller mailed AAA a payment stub with his credit card information.  A payment to AAA for $231.68 was posted to Zeller's credit card account on December 7.

[5]    Two days later, Zeller's garage caught fire, resulting in over $80,000 in alleged damages.  Zeller submitted a claim to AAA, which denied coverage on the basis that the policy was "not in force at the time of loss."  *Id.* at 82.  Later that month, AAA attempted to return Zeller's premium in the form of a check with the notation, "THIS CHECK IS ISSUED FOR THE FOLLOWING REASON – POLICY CANCELLED[.]"  *Id.* at 81.  Zeller did not cash the check.

[6]    In September 2012, Zeller filed a complaint against AAA alleging breach of contract and bad faith and requesting compensatory and punitive damages.  In January 2015, after a bench trial,[1] the trial court issued a judgment that reads in relevant part as follows:

> The insurance premium at issue in this cause was due from [Zeller] on November 10, 2011.  That payment was not made and [AAA] sent a cancellation notice to [Zeller] stating that there would be no loss of coverage if [AAA] **received** payment by November 30, 2011.
>
> [Zeller] sent the payment stub attached to the cancellation notice to [AAA] along with his credit card information on November 25, 2011, which happened to be the Friday the day after Thanksgiving.  The

---

[1] Zeller included a portion of the trial transcript in his appellant's appendix in contravention of Indiana Appellate Rule 50(F), which states, "Because the Transcript is transmitted to the Court on Appeal pursuant to Rule 12(B), parties should not reproduce any portion of the Transcript in the Appendix."

credit card payment was posted to [Zeller's] credit card account on December 7, 2011. The issue, then, is when was payment **"received"**. The Court concludes that payment was received the day it was posted to [Zeller's] credit card account, i.e. December 7, 2011. That is seven days after the November 30, 2011, deadline to keep the policy in effect.

Additionally, the insurance policy, in the terms of the policy in effect, at page 26, says that if the insured makes adequate payment after the due date **and the insurance company reinstates the policy,** then there will be no loss of coverage. There has been no evidence presented that the insurance company reinstated the policy.

Based on both of the above, the Court concludes that the insurance policy in question was not in effect on December 8 [sic], 2011, the date of loss at issue here, and orders judgment entered in favor of [AAA] and against [Zeller] on [Zeller's] Complaint.

[7] *Id*. at 127-28 (citations to exhibits omitted). Zeller filed a motion to correct error, which the trial court denied. This appeal followed.

# Discussion and Decision

[8] Zeller argues that the trial court erred in concluding that the insurance policy was not in effect on the date of the fire. "Because the pertinent facts are undisputed and this case only involves the interpretation of insurance policy contract language, it represents a question of law and we review it de novo." *Robinson v. Erie Ins. Exch.*, 9 N.E.3d 673, 675 (Ind. 2014).

> [P]rovisions of insurance contracts are subject to the same rules of construction as other contracts. We interpret an insurance policy with the goal of ascertaining and enforcing the parties' intent as revealed by the insurance contract. In accomplishing that goal we must construe the insurance policy as a whole, rather than considering individual words, phrases, or paragraphs. If the contract language is clear and unambiguous, it should be given its plain and ordinary meaning.

*Wright v. Am. States Ins. Co.*, 765 N.E.2d 690, 692-93 (Ind. Ct. App. 2002) (citations omitted). "We must interpret the language of an insurance policy so as not to render any words, phrases, or terms ineffective or meaningless." *Vann v. United Family Mut. Ins. Co.*, 790 N.E.2d 497, 502 (Ind. Ct. App. 2003), *trans. denied*.

[9]     "Policy terms are interpreted from the perspective of an ordinary policyholder of average intelligence." *Wright*, 765 N.E.2d at 693. "The power to interpret insurance policies does not extend to changing their terms." *Keckler v. Meridian Sec. Ins. Co.*, 967 N.E.2d 18, 28 (Ind. Ct. App. 2012), *trans. denied*. "Insurance policies are contracts between private parties; we cannot rewrite the policy nor make a new or different policy, but must enforce the terms of the policy as agreed upon by the parties." *Terre Haute First Nat'l Bank v. Pac. Empl. Ins. Co.*, 634 N.E.2d 1336, 1339 (Ind. Ct. App. 1993). "Any doubts as to coverage shall be construed against the insurer as the contract drafter." *Vann*, 790 N.E.2d at 502.

[10]    Zeller contends that the trial court erred in concluding that the policy was not in effect on the date of the fire, noting that AAA accepted his premium payment and that his claim arose from an event that occurred after AAA received the payment.[2] He further contends that the policy was reinstated when AAA accepted the payment. We agree with both contentions. The policy does not

---

[2] The parties do not challenge the trial court's conclusion that AAA received the payment when it was posted to Zeller's credit card account.

make reinstatement contingent upon the sending or receiving of a Notice of Reinstatement or any other externality; it merely specifies the two conditions under which a reinstatement may be voided, neither of which applies here. Zeller's tender of the payment was an offer for AAA to reinstate the policy, and AAA accepted the offer by accepting the payment. "[O]nce [an offer] is accepted, a contract is formed." *Bain v. Bd. of Trs. of Starke Mem. Hosp.*, 550 N.E.2d 106, 110 (Ind. Ct. App. 1990).

[11] AAA points to the Confirmation of Policy Expiration form, which states, "If we do not receive your payment by [November 30], the expiration of your policy will remain in effect and no further coverage will be provided." Appellant's App. at 77. But that form is not a part of or incorporated by reference into the insurance contract between AAA and Zeller, and the contract does not set a deadline for making (or accepting) payments for reinstatement.[3] AAA also points to the following policy provision:

> Policy Expiration. If we offer to renew or continue this policy, and you or your representative do not accept our offer, this policy will automatically expire at the end of the current policy period. Failure to pay the required renewal continuation premium when due shall mean that you have not accepted our offer. Any form of premium payment which is not honored for any reason will not constitute payment, and

---

[3] At trial, AAA claims representative Julie Cruz acknowledged that the insurance policy, and "nothing else," controls "the relationship between the insured and the insurance company." Tr. at 84. Cruz testified that AAA's "policy or procedure for accepting payments after [the] 20-day grace period ends" is to "accept [the payment] but then rewrite the policy," which was not done in this case. *Id.* at 80-81. This procedure is not mentioned in the insurance policy, however.

> will not continue coverage beyond any date when such coverage
> would otherwise terminate for lack of payment.

*Id.* at 65 (emphases omitted). As stated above, we must read the policy as a whole and so as not to render any terms meaningless; consequently, we must harmonize this provision with the conditional restatement provision, which specifically allows for reinstatement of a cancelled policy upon receipt of adequate payment.

[12] Finally, AAA urges us not to accept Zeller's argument, "which is that [his] late payment automatically entitled him to reinstated coverage. If that were the case, then, … this would be an insurance-at-will state because the insured could independently reinstate his coverage without regard for payment deadlines, late payment requirements, or cancellation notices." Appellee's Br. at 8. We find no cause for alarm here. AAA could have protected itself by drafting more specific deadlines and requirements for reinstatement in its policy or by refusing to accept Zeller's payment, which it had every right to do. AAA did neither of these things, however, so we must reverse the trial court's judgment in its favor. We remand for the trial court to consider Zeller's bad faith claim and his request for compensatory and punitive damages, which are issues that the court did not address in its judgment.

[13] Reversed and remanded.

May, J., and Bradford, J., concur.