**INDIANA INSURANCE COMPANY, Appellant (Defendant Below),**

v.

**Clark K. ALLIS and Deborah Allis, Appellees (Plaintiffs Below).**

No. 56A04–9210–CV–358.

Court of Appeals of Indiana, Fourth District.

Feb. 16, 1994.

---

Karl K. Vanzo, Timothy F. Kelly & Associates, Munster, for appellant.

Robert D. Hawk, Tammy S. Sestak, Spangler, Jennings & Dougherty, Merrillville, for appellees.

MILLER, Judge.

On December 29, 1989, Clark Allis was traveling eastbound on Indiana Route 10, when a red pick-up truck turned onto Route 10 heading west and crossed over the center line into Allis's eastbound lane. Allis swerved off the road to avoid a head-on collision with the pick-up. It is undisputed that, although the pick-up truck caused Allis to swerve, the two vehicles never "hit" or made any physical contact. Allis lost control of his vehicle, it overturned and, as a result, he sustained serious injuries. The pick-up failed to stop; therefore the owner or operator of the truck was never identified.

Allis filed a claim with Indiana Insurance Company under his uninsured motorist coverage which provided that the Company would pay damages for bodily injury Allis was legally entitled to recover from the owner or operator of an "uninsured motor vehicle." The policy definition of an "uninsured motor vehicle" included a "hit and run" vehicle—a vehicle whose owner or operator cannot be identified and which *hits* the insured or his vehicle. After the Company denied coverage, Allis filed suit and the Company moved for summary judgment on the grounds that Allis did not have coverage because it was undisputed that the pick-up

did not hit Allis. Allis countered that the Company's physical impact requirement provided less coverage than is mandated by Indiana's Uninsured Motorist Act (Act),[1] and thus was void for being contrary to public policy. The Company's motion was denied and the trial court certified the Company's petition for an interlocutory appeal and we accepted jurisdiction.

We find that the Act's purpose is to require insurers to offer *basic* coverage to its insureds, and that the Company's uninsured motor vehicle coverage provides *greater* coverage than is required by the Act. The Company's uninsured motor vehicle coverage does not contravene the Act, therefore, the Company was entitled to summary judgment as a matter of law.

Reversed.

### DECISION

The Company contends the Act does not require coverage for damages caused by an unidentified driver who does not make physical contact with the insured. In other words, the Company claims the Act does not mandate that it provide "miss and run" coverage to its insureds. Since we are required to interpret the Act, the issue before us is a pure question of law. In reviewing a motion for summary judgment, we apply the same standard as the trial court. *Malachowski v. Bank One, Indianapolis* (1992), Ind., 590 N.E.2d 559, 562; *Jackson v. Blanchard* (1992), Ind.App., 601 N.E.2d 411, 414. Thus, no deference is given by us to the trial court's judgment. *Church Bros. Body Service, Inc. v. Merchants National Bank & Trust Co. of Indianapolis* (1990), Ind.App., 559 N.E.2d 328, 330.

"Appellate courts independently, and without the slightest deference to trial court determinations, evaluate those issues they deem to be questions of law. A *pure* question of law is one that requires neither reference to extrinsic evidence, the drawing of inferences therefrom, nor the consideration of credibility questions." Kenneth M. Stroud 4A *Indiana Practice* § 12.3 (1992 supp.)

---

1. Ind.Code 27–7–5–2 *et seq.*

In construing the Act, we must keep in mind that the purpose of the Act "is to afford the same protection to a person injured by the uninsured motorist as he would have enjoyed if the offending motorist had himself carried liability insurance." *Scalf v. Globe American Casualty Co.* (1982), Ind.App., 442 N.E.2d 8, 10. Thus, we are to construe the Act liberally to accomplish its remedial purpose. *Id.*

The Act's general provision governing insurers, Ind.Code 27–7–5–2, provides in pertinent part:

(a) The insurer shall make available, in each automobile liability or motor vehicle liability policy of insurance which is delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state, insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person and for injury to or destruction of property to others arising from the ownership, maintenance, or use of a motor vehicle, or in a supplement to such policy, the following types of coverage:

(1) In limits for bodily injury or death and for injury to or destruction of property not less than those set forth in IC 9–2–1–15 under policy provisions approved by the commissioner of insurance, for the protection of persons insured under the policy who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness or disease, including death, and for the protection of persons insured under the policy who are legally entitled to recover damages from owners or operators of uninsured motor vehicles for injury to or destruction of property resulting therefrom; or

(2) In limits for bodily injury or death not less than those set forth in IC 9–2–1–15 under policy provisions approved by the commissioner of insurance, for the protection of persons insured under the policy provisions who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness or disease, including death resulting therefrom.

I.C. 27–7–5–2 (Burns Code Ed., Supp.1990).

In sum, the Act requires an insurer to offer coverage for bodily injury, death, or property damage an insured is legally entitled to recover from an uninsured or underinsured motorist. The Act defines an uninsured motorist as follows:

For the purposes of this chapter, the term "uninsured motor vehicle," *subject to the terms and conditions of such coverage,* means a motor vehicle without liability insurance or a motor vehicle not otherwise in compliance with the financial responsibility requirements of IC 9–1–4–3.5(b), IC 9–2–1, or any similar requirements applicable under the laws of another state, and includes an insured motor vehicle where the liability insurer of the vehicle is unable to make payment with respect to the legal liability of its insured within the limits specified in IC 9–2–1–15 because of insolvency.

I.C. 27–7–5–4(a) (Burns Code Ed., Supp. 1990) (emphasis added).

The statutory definition of an uninsured motor vehicle is quite literal—it means a motor vehicle without liability insurance or an insured vehicle whose insurer is insolvent. Therefore, in order to comply with the Act, an insurer must provide coverage when an insured is legally entitled to recover from an individual who can be identified as being either: 1) without liability insurance; or 2) having insurance with an insolvent insurer. The red pick-up cannot be identified as either.

The legislature's clear and unambiguous definition of "uninsured motorist" demonstrates that the Act's purpose is to mandate *basic* coverage for vehicles registered or garaged in Indiana. Consequently, the Act is not concerned with mandating or regulating greater coverage. Any additional or greater coverage is a matter of contract—which contemplates coverage in exchange for a premium. As a result, the legislature's use of the phrase "subject to the terms and conditions of such coverage" within the uninsured motorist definition, leads us to the following

conclusion: As long as an insurer provides statutory coverage for damages caused by an uninsured or underinsured motorist—an insurer is free, but not required, to offer *greater*, albeit very specific coverage. In the present case, the Company provided broader coverage than is required by the Act. A driver of an *unidentified* vehicle may or may not have liability insurance, however the company will provide coverage if the unidentified vehicle *hits* the insured.

Allis argues that, "the legislature clearly and unequivocally intended to allow recovery for unidentified drivers, i.e. *hit* and run drivers, who cause personal injury." Appellee's brief at 21 (emphasis added). He points to Ind.Code 27–7–5–3(c), which provides:

> Any claim for property damage submitted under an uninsured motorist coverage must include the name and address of the at-fault operator and any other information to establish the at-fault operator is without motor vehicle liability insurance. There shall be no liability imposed upon an insurer where the owner or operator of the other vehicle cannot be identified.

I.C. 27–7–5–3 (Burns Code Ed., Repl.1986). Since the legislature protected an insurer from liability for *property* damage if the at-fault driver could not be identified, but did not make this same restriction under the *bodily injury* section, I.C. 27–7–5–2, Allis contends that we must presume that the legislature intended an insurer to provide bodily injury coverage regardless of whether the at-fault driver could be identified. We disagree. The definition of an uninsured motor vehicle clearly defines an uninsured motor vehicle. We are prevented from making an expansive interpretation of this term because our legislature has defined an "uninsured motor vehicle." *Whitledge v. Jordan* (1992), Ind.App., 586 N.E.2d 884, 885 *trans. denied.* We cannot interpret an uninsured motor vehicle to include an unidentified vehicle. On this point we find *Hammon v. Farmer's Insurance Co.* (1985), 109 Idaho 286, 707 P.2d 397, to be instructive. Under facts nearly identical to the present case, the Hammons attempted to recover uninsured motorist benefits from Farmer's which offered *hit* and run coverage—requiring physical impact between the vehicles—as part of its uninsured motorist coverage. Idaho's uninsured motorist statute, like Indiana's, did not include hit and run vehicles in the definition of an uninsured motor vehicle.[2] Nevertheless, the Hammons argued that the statutory definition of uninsured motor vehicle should be construed to include an unidentified motor vehicle and that, as a result, Farmer's provided less coverage than was required by the statute. The Idaho supreme court replied:

> An *uninsured* vehicle is clearly not the same as an *unidentified* vehicle. The statute directs that coverage be made available for the protection of people who are legally entitled to recover from owners or operators of uninsured motor vehicles. Otherwise, it could not be ascertained that the vehicle was uninsured. Normally, when the vehicle is a hit and run vehicle, such identity cannot be ascertained. Thus we

---

**2.** Generally, uninsured motorist statutes fall into three categories. In the first type, an uninsured motor vehicle is defined to include a hit and run automobile. Courts are split in interpreting whether an insurer's physical impact requirement is in derogation of the statute. On one hand, courts have determined that, by definition, "miss and run" coverage is not included within the mandatory hit and run coverage. *Hayne v. Progressive Northern Insurance* (1983), 115 Wis.2d 68, 339 N.W.2d 588, 592; *Moritz v. Farm Bureau Mutual Insurance Co.* (1989), Iowa., 434 N.W.2d 624, 626. However, under nearly identical situations, other courts have found an insurer's physical impact requirement to be in derogation of the statutory mandate. *State Farm Fire and Casualty v. Lambert* (1973), 291 Ala. 645, 285 So.2d 917, 920; *State Farm Mutual Insurance Co. v. Abramowicz* (1978), Del., 386 A.2d 670.

The second type of statute attempts to legislate a middle ground which offers coverage to insureds while it protects an insurer from fraudulent claims. This statute requires physical impact with the unidentified vehicle *or* statements from disinterested witnesses confirming that an unidentified vehicle "caused" the accident. *Atlanta Casualty Insurance Co. v. Crews* (1990), 197 Ga.App. 48, 397 S.E.2d 466, 468, *cert. denied.*

Our Act falls into the third category. Hit and run vehicles are not included within the definition of an uninsured motor vehicle. These statutes have been interpreted as not mandating hit and run coverage; thus, any restrictions on hit and run coverage are a matter of contract law. *Hammon, infra* 109 Idaho at 288, 707 P.2d at 399; *Balestrieri v. Hartford Accident and Indemnity Insurance Co.* (1975), 112 Ariz. 160, 163, 540 P.2d 126, 129.

conclude that hit and run coverage is neither mandated nor prohibited under [the statute]. Thus the insurer provided greater coverage than required by statute.

*Id.* 109 Idaho at 288, 707 P.2d at 399 (emphasis added). We agree with the reasoning of the *Hammon* court. By definition, an uninsured vehicle is not the same as an unidentified vehicle.

Furthermore, even if the Act could be construed as requiring bodily injury coverage caused by an *unidentified* driver, which it cannot, the Act is silent on whether an insurer must provide coverage if the unidentified vehicle does not physically touch the insured. Therefore, just as in *Hammon, supra,* we find that the Act does not mandate or prohibit "hit and run" coverage. At this point, we must keep in mind it is not the Act's purpose to mandate comprehensive automobile coverage. To the contrary, the Act mandates the basic coverage an insurer must offer its insured. Thus, it follows that the Act must clearly indicate the minimum risk an insurer must assume in order to conduct business in our State. Although we sympathize with Allis's unfortunate situation, we cannot judicially manipulate the Act to require an insurer to assume a risk that the legislature did not clearly mandate it to assume—to provide coverage when the insured suffers bodily injury in a mishap where the unidentified vehicle does not hit the insured. To extend coverage in this instance would amount to judicial rewriting of the Act. This we are not empowered to do.

Additional support for our decision comes from *Ely v. State Farm Mutual Automobile Insurance Co.* (1971), 148 Ind.App. 586, 268 N.E.2d 316,[3] where this court held that an insurer's physical impact requirement was not in derogation of the original version of the Act, Ind.Code 27-7-5-1 (Burns Code Ed., 1971) (repealed 1982). Ely also claimed that the insurer's physical impact requirement was contrary to the intent of the original Act. The *Ely* court analyzed the original Act and due to the absence of legislative history in our state, looked to the rationale supporting the passage of similar statutes in forty-five other states. The court concluded that the Act's purpose was to make available, through an insured's own insurer, a limited source of funds in the event an insured was legally entitled to recover for bodily injury caused by a motorist without liability insurance. *Id.* at 319. Since the Act's purpose was to extend a minimum amount of financial protection to an insured in a very specific situation—the court held that the insurer's physical impact requirement did not restrict the intent of the Act. *Id.*

Later, this court held that the original Act did not require an insurer to provide hit and run coverage. *Cannon v. American Underwriters, Inc.* (1971), 150 Ind.App. 21, 275 N.E.2d 567, 596–70; *Taylor v. American Underwriters* (1976), 170 Ind.App. 148, 352 N.E.2d 86, 91. Therefore, an insurer was free to establish limits on the types of hit and run coverage, if any, it would offer. *Taylor, supra,* 352 N.E.2d at 91.

We must presume that when our legislature replaced the original Act, I.C. 27-7-5-1, with our current Act, I.C. 27-7-5-2 *et seq.,* it was aware of our court's interpretation of the original Act, and did not intend to make any changes beyond what it declared either in express terms or by unmistakable implication. *VanDiver v. Marion County* (1990), Ind.App., 555 N.E.2d 839, 843, *reh'g denied.* Although the legislature expanded the types of damages that would be compensated under the Act (bodily injury and property damage), and broadened coverage to include underinsured as well as uninsured motorists, it did not include "hit and run" or "miss and run" drivers in its definition of an uninsured motorist. As a result, we see no indication that the legislature sought to expand the

---

**3.** In *Ely,* the car in which Ely was a passenger crashed into an embankment while avoiding a truck parked in the middle of the road. Ely's automobile insurance policy provided hit and run coverage under the uninsured motor vehicle section, but specifically defined a "hit and run" automobile as an unidentified operator or vehicle that "causes bodily injury to an insured arising out of *physical contact* of such vehicle with the insured or with an automobile which the insured is occupying at the time of the accident[.]" *Id.* 268 N.E.2d at 318 (emphasis added). Ely's insurer refused to pay benefits under the uninsured motorist agreement because there was no physical contact between the truck and the vehicle in which Ely was a passenger.

**1256**

class of uninsured motorists to include "miss and run" drivers.

We reverse the trial court and remand with instructions to enter summary judgment in favor of the Company.

RILEY and RUCKER, JJ., concur.