Keith B. VON HOR, Appellant–
Plaintiff,

v.

Jane DOE and State Farm Insurance
Companies, Appellees–
Defendants.

No. 82A01–0606–CV–270.

Court of Appeals of Indiana.

May 31, 2007.

Michael J. Hayden, Evansville, IN, Attorney for Appellant.

Mark D. Gerth, Brent R. Weil, Kightlinger & Gray, LLP, Indianapolis, IN, Attorneys for Appellee.

## OPINION

CRONE, Judge.

### Case Summary

Keith Von Hor appeals the trial court's order granting summary judgment in favor of State Farm Insurance Companies ("State Farm"). We affirm.

### Issue

■ In advocating for coverage under his vehicle's insurance policy, motorcyclist Von Hor raises three issues, which we consolidate into one. We address whether the "strike," or physical contact, requirement within an uninsured motorist clause may be disregarded when independent evidence exists that an unidentified miss-and-run driver was the proximate cause of an accident.

### Facts and Procedural History

On April 27, 2003, Von Hor was operating his 2003 Harley Davidson motorcycle in a westerly direction in the right-hand lane of the Lloyd Expressway near its intersection with Barker Avenue in Evansville, Indiana. At that same time, an unknown female driver was operating a green Ford Explorer in a westerly direction in the center lane of the Lloyd Expressway. The Explorer, without warning, suddenly changed lanes by crossing over into Von Hor's lane of traffic. To avoid being hit by the Explorer, Von Hor swerved his motorcycle to his right; however, in doing so, he struck the curb and lost control of his motorcycle. Von Hor flew over the handlebars of his motorcycle and fell to the ground. As a result of this accident, he suffered numerous injuries in-

cluding compound fractures of his left arm, a broken nose, and lacerations of his face and ear.

At the time of the accident, Von Hor's motorcycle was insured by a State Farm policy that provided bodily injury uninsured motor vehicle coverage with limits of $100,000 per person. Appellant's App. at 65. According to the policy, "uninsured motor vehicle" means:

a "hit-and-run" land motor vehicle whose owner or driver remains unknown and which **strikes:**

    a. the *insured;* or

    b. the vehicle the *insured* is occupying and causes *bodily injury* to the *insured.*

*Id.* at 74 (bold emphasis added).

On April 27, 2005, Von Hor filed a complaint against State Farm and the unidentified driver of the Explorer, seeking to recover pursuant to the uninsured motorist provision. State Farm timely filed an answer, denying coverage. State Farm also served requests for admissions, including the following:

Please admit that with regard to the motor vehicle accident which occurred on April 27, 2003, and is the subject of the Complaint that you filed ... there was no physical contact between your 2003 Harley Davidson motorcycle and the "Ford Explorer", that you claim in your Complaint was operated by the "Defendant, Jane Doe", at any time in the course of the accident.

*Id.* at 60. State Farm received no response.

On October 13, 2005, State Farm filed a motion for summary judgment, asserting no coverage because of the lack of physical contact between the Ford Explorer and Von Hor. On January 6, 2006, Von Hor

filed a response, contending that coverage applied and that requiring actual physical contact between the two vehicles to provide coverage violated public policy. On May 3, 2006, the court held a hearing on the summary judgment motion. By the end of that month, the court issued a written decision granting summary judgment to State Farm.

### Discussion and Decision

When reviewing a motion for summary judgment, we stand in the shoes of the trial court and apply the same standard that the trial court applied, without giving any deference to the trial court's ultimate decision. *Indiana Ins. Co. v. Allis*, 628 N.E.2d 1251, 1252 (Ind.Ct.App. 1994), *trans. denied.* "Summary judgment is warranted only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Ackles v. Hartford Underwriters Ins. Corp.*, 699 N.E.2d 740, 742 (Ind.Ct.App.1998) (citing Ind. Trial Rule 56(C)), *trans. denied.* When making our decision, we consider only those matters that have been designated by the parties to the trial court for consideration. *Id.*

Summary judgment is especially appropriate in the context of contract interpretation because the construction of a written contract is a question of law. *Colonial Penn Ins. Co. v. Guzorek*, 690 N.E.2d 664, 667 (Ind.1997). As we do with other contracts, we interpret an insurance policy with the goal of ascertaining and enforcing the parties' intent as manifested in the insurance contract. *See Wright v. Amer. States Ins. Co.*, 765 N.E.2d 690, 692 (Ind.Ct.App.2002). "Although some special rules of construction of insurance contracts have been developed due to the disparity in bargaining power between insurers and the insured, if an insurance contract is clear and unambiguous, the language therein must be given its plain and ordinary meaning." *Beam v. Wausau Ins. Co.*, 765 N.E.2d 524, 527 (Ind.2002). Stated otherwise, we may not extend coverage beyond that provided in the contract, nor may we rewrite the clear and unambiguous language of that document. *See Shelter Ins. Co. v. Woolems*, 759 N.E.2d 1151, 1155 (Ind.Ct.App.2001), *trans. denied.* "Rather, we only *construe* ambiguous insurance policies, those that contain language about which reasonably intelligent policyholders honestly may differ." *Gillespie v. GEICO General Ins. Co.*, 850 N.E.2d 913, 917 (Ind. Ct.App.2006). An ambiguity does not exist merely because the parties proffer differing interpretations of the policy language. *Wright*, 765 N.E.2d at 693.

Von Hor's case is remarkably similar to that presented in *Rice v. Meridian Insurance Company*, wherein we affirmed summary judgment in favor of an insurance company. 751 N.E.2d 685 (Ind.Ct.App. 2001), *trans. denied.* More specifically, we concluded, "The hit-and-run vehicle did not directly or indirectly physically contact [Dianna Rice's] car and, therefore, the accident that occurred does not fall within the scope of the [uninsured motorist] policy provision." *Id.* at 689.[1] Like Von Hor, the Rices raised public policy and corroborative evidence issues, which we addressed as follows:

> First, the Rices argue that interpreting the policy to exclude coverage for Dianna's accident conflicts with the purpose of the Uninsured Motorist Act, Ind.

---

1. Although *Gillespie* reiterates the proper standards of review for insurance contract cases, it provides little guidance for the resolution of the specific issue presented here. That is, *Gillespie* focused upon the term "identified" in an uninsured motorist provision. In contrast, Von Hor's and the Rices' cases turn upon the hit/strike/physical impact language of the respective uninsured motorist provisions.

Code § 27–7–5–2. Second, the Rices argue that another state, Ohio, has interpreted a similar provision to require coverage for a similar accident. We find neither of these arguments compelling.

The purpose of the Uninsured Motorist Act " 'is to afford the same protection to a person injured by the uninsured motorist as he would have enjoyed if the offending motorist had himself carried liability insurance.' " *Allis*, 628 N.E.2d at 1253 (quoting *Scalf v. Globe Am. Cas. Co.*, 442 N.E.2d 8, 10 (Ind.Ct.App.1982)). We have previously held that interpreting hit-and-run provisions in auto insurance policies to not provide coverage for miss-and-run accidents does not violate Ind.Code § 27–7–5–2. *Allis*, 628 N.E.2d 1251. As a matter of fact, Ind.Code § 27–7–5–2 does not require insurance policies to cover any hit-and-run accidents, so any coverage that they do provide extends beyond the requirements of the Act. The Rices "acknowledge the holding" of *Allis*, but "respectfully disagree with" it because it "simply misses the point." Appellant's brief, pp. 21, 22. The Rices argue that instead of following *Allis*, we should follow a 1996 decision by the Ohio Supreme Court that required coverage for miss-and-run accidents under a hit-and-run provision by rejecting the physical contact requirement and replacing it with a "corroborative evidence test." *Girgis v. State Farm Mut. Auto. Ins. Co.*, 75 Ohio St.3d 302, 662 N.E.2d 280 (1996). The corroborative evidence test places liability on an insurer for miss-and-run accidents only if an independent third party corroborates the insured's story "that the negligence of an unidentified vehicle was a proximate cause of the accident." *Id.* at 282.

We have reviewed the reasoning of *Allis* and see no reason to stray from its precedent today. Seven years have passed since our decision in *Allis*, and if the legislature wanted miss-and-run motorists to be included in the Act as a type of uninsured motorist for whom insurers must provide coverage, the legislature could have amended the Act to provide for such coverage. *See Allis*, 628 N.E.2d at 1255–56. As a judiciary, we are not empowered to, and therefore we will not, rewrite the Act for the legislature. *See id.* Consequently, we reject the Rices' invitation to follow the path of the Ohio Supreme Court.

*Id.* at 689–90 (citation omitted).

In addressing Von Hor's argument, we would add that the same justices that denied transfer of the *Rice* case remain on our supreme court today. Furthermore, six years have passed since our decision in *Rice*. During that time, our legislature has had ample opportunity to amend the Act to mandate miss-and-run motorist coverage. Yet, our lawmakers have chosen not to make such a change. *See Allis*, 628 N.E.2d at 1255–56. We are not authorized to redraft legislation. *See id.; St. Vincent Hosp. & Health Care Ctr., Inc. v. Steele*, 766 N.E.2d 699, 703–04 (Ind.2002) ("Clear and unambiguous statutory meaning leaves no room for judicial construction."). Accordingly, however compelling we may find the facts and logic presented, we, as an intermediate appellate court, must reject Von Hor's invitation to adopt the corroborative evidence test. Therefore, we will not overturn the summary judgment granted in State Farm's favor.

Affirmed.

SULLIVAN, J., and SHARPNACK, J., concur.